UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

BARNDON V. MARTIN,
                    Plaintiff,

                                                            File #

        -against-
LIFE EXTENSION INSTITUTE INC,
d/b/a EHE HEALTH                                            COMPLAINT
                                                            Plaintiff Demands Trial
                    Defendant.                              By Jury
_____X

        The plaintiff, by his attorney, JAY M. WEINSTEIN, complaining of the defendant, sets forth,

upon information and belief as follows:

                            JURISDICTION AND VENUE

        1. The plaintiff asserts that this Court has jurisdiction over this matter by reason of 42 U.S.C

section 1983 et seq.; Title VII of the Civil Rights Act of 1964; The Equal Protection Clause of

Constitution of the United States, the First Amendment of the Constitution of the United States of

America various other provisions of federal law.

        2. The plaintiff asserts ancillary jurisdiction over all non-federal based claims asserted herein

as related to the federal based claims.

        3. The cause of action arose exclusively within the venue of the United States District Court,

Southern District of New York,

1

## FACTUAL BACKGROUND

4. The plaintiff was and is a domicile of the City of New York, State of New York.

5. The defendant was and is a foreign business corporation, duly authorized to do business under and by virtue of the laws of the State of New York, with its principal place of business located at 600 Fifth Avenue in the County of New York, State of New York.

6. That as a pre-condition to the commencement of this action, the plaintiff caused to be filed with the Equal Employment Opportunity Commission a complaint under File # 520-2021-04544

7. That on February 14, 2022, The U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter.    (Exhibit "A").

8, That pursuant to a Tolling Agreement executed by counsel for the plaintiff and the defendant, the time period for the commencement of this action was extended.

9. That this action has been commenced prior to the expiration of the tolling extension.

10. The plaintiff was and is a member of the America Indian Nation/Tribe known as Tchou Tchouma Tchoupitoulas Nation.

11. That the Nation traces its roots to the 1500's in the area presently known as Louisiana.

12. As a member of this nation it was and is against the plaintiff's spiritual/religious beliefs, customs and traditions to inject any foreign substance into his body

13. That commencing in or about March 2020 a worldwide pandemic occurred as a result of what is known as the COVID-19 virus.

2

14. That in September 2020, the plaintiff was hired by the defendant as a "Scrum Master".

15. That at the time the plaintiff was hired by the defendant the plaintiff advised the defendant and it was clearly understood by the defendant that the plaintiff's work would be done exclusively offsite, as his work as a "Scrum Master" did not require the plaintiff to work onsite.

16. That at some time thereafter certain vaccines for the COVID-19 disease were made available to the general public.

17.   Based upon the plaintiff's religious and spiritual beliefs he had not received the said vaccine and he will not receive same.

18. That from the date of the commencement of his employment performed his job offsite with incident or complaint.

19. That commencing in March 2021, the defendant's CEO, David Levy, strongly suggested that because we live in a free society that his company intended to compel all of its employees to receive the vaccine without regard to any reasonable and rational accommodation.

20. That in May 2021, the plaintiff the Director of Human Resources, Lauren Gottlieb, called the plaintiff and advised him that as a marketing campaign for the defendant Mr. Levy expected 100% compliance in the receipt if the vaccine,

21. On August 2, 2021, Mr. Levy directed that all employees, without exception for reasonable accommodation, were mandated to be vaccinated or to be terminated effective September 10, 2021.

22. Thereafter the plaintiff submitted evidence in support of his reasonable accommodation to

3

continue to work offsite, although the defendant knew that the plaintiff's successfully be performed offsite and without putting any other employees or the public in danger in the event the plaintiff contracted the virus.

23. That specifically, the plaintiff's job could be done as successfully from an offsite location than onsite, and that the defendant knew this was true with respect to the plaintiff's specific job.

24. That the defendant failed and refused to offer to the plaintiff a reasonable accommodation, although a reasonable accommodation was available to the plaintiff.

25. That the plaintiff was ready, willing and able to continue his duties Scrum Master by taking remaining and working offsite as he had done prior to the issuance by the defendant of its vaccination mandate.

26. That the policy of the defendant as applied to the plaintiff was arbitrary, capricious and in violation of law.

27. That on September 3, 2021, the plaintiff made various complaints about his employment conditions on what he believed to be an internal company "Butterfly" sire.

28. That by reason of the failure and refusal of the plaintiff to submit to the vaccination as mandated, and also by reason of the "anonymous" comments made by the plaintiff on Butterfly, the defendant retaliated against the plaintiff, and he was discharged a/k/a  "unpaid leave", without just and legal cause which became final and effective on September 10, 2021.

29. That upon information and belief, other employees of the defendant who refused to submit

to the said vaccination were afforded reasonable accommodations and as such were not discharged from employment.

30 That the discharge of the plaintiff was a pretext.

31. That the plaintiff's discharge and the refusal by the defendant to offer to the plaintiff a reasonable accommodation was premised upon his race and/or religious practices.

## AS AND FOR A FIRST CAUSE OF ACTION:
## VIOLATION OF PLAINITFF'S FEDERAL CIVIL RIGHTS

32. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" inclusive, as if set forth in full herein.

33. That the plaintiff requested that he be provided a reasonable accommodation as defined by law.

34. That the defendant's failure to provide a reasonable accommodation to the plaintiff was in violation of the plaintiff's civil rights pursuant to 42 U.S.C. section 1983 et. seq.

35.That the action of the defendant, by its agents, servants and/or employees, in failing and refusing to offer a reasonable accommodation to the plaintiff was in further violation of the plaintiff's rights pursuant to: a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000-e et seq. ; b) the Free Exercise Clause of the Constitution of the United States; c) the Equal Protection Clause of the 14th amendment of the Constitution of the United States; d) and the First Amendment of the Constitution of the United States.

36. That by reason of the defendant's violation of the statutes and constitutional provisions the plaintiff has been caused to incur damages, including but not limited to loss of income, loss of health care benefits, loss of pension benefits and other related benefits.

37. As a result of the aforementioned, the plaintiff has been further caused to sustain personal and psychological injuries, including but not limited to depression, anxiety, emotional distress and the like.

38 That by reason of the aforementioned, the plaintiff has been in the amount of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS.

39. That in addition thereto the plaintiff seeks the recovery of interest, costs, disbursements and attorneys' fees as permitted by law.

## AS AND FOR A SECOND CAUSE OF ACTION:
## VIOLATIONS OF LAWS OF THE STATE OF NEW YORK

40. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through 39" inclusive as if set forth in full herein.

41 That the causes of action asserted herein occurred exclusively within the State of New York.

42. That by reason of the actions of the defendant, by its agents, servants and/or employees the defendant has violated the plaintiff's rights pursuant to New York State Executive Law section 296 et seq.

6

43. That by reason of the aforementioned the plaintiff has been damaged in the amount of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS.

44. That in addition thereto the plaintiff seeks recovery of interest. costs, disbursements and attorneys' fees as permitted by law.

AS AND FOR A THIRD CAUSE OF ACTION<br>VIOLATIONS OF LAWS OF THE CITY OF NEW YORK

45. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" inclusive as if set forth in full herein.

46. That the causes of action asserted herein occurred exclusively within the City of New York.

47. That by reason of the aforementioned actions of the defendant, by its agents, servants and/or employees the defendant has violated the plaintiff's rights pursuant to the Administrative Code of the City of New York section 8-101 et seq.

48. That by reason of the aforementioned the plaintiff has been damages in the amount of THREE HUNDRED THOUSAND    ($300,000.00) DOLLARS.

49. That in addition thereto the plaintiff seeks recovery of interest, cost, disbursements and attorney's fees as permitted by law.

WHEERFORE plaintiff demands judgment against the defendant as follows:

As and for the first cause of action in the amount of THREE HUBDRED THOUSAND

7

($300,000.00) DOLLARS;

As and for a second cause of action the amount of THREE MILLION ($3,000,000.00) DOLLARS;

As and for a third cause of action in the amount of THREE MILLION ($3,000,000.00) DOLLARS;

Together with interest from September 10, 2021, cost, disbursements and attorneys' fees and permitted by law.

Dated: Woodmere, New York
       July 14, 2022

JAY M. WEINSTEIN (jw6064)

File No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON V. MARTIN,

                              Plaintiff,

            -against-

LIFE EXTENSION INSTITUTE INC. d/b/a EHE HEALTH,

                              Defendant.

VERIFIED COMPLAINT

JAY M. WEINSTEIN, ESQ.
Attorney for Plaintiff
503 Longacre Avenue
Woodmere, New York 11598-2307
(516) 569-2146

To:
Attorney for

Service of a copy of the within
is hereby admitted.
Dated:

_____

Attorney for